# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

KATHERINE MICHELLE JORDAN,
ET AL.

CIVIL ACTION

**VERSUS**

SAFECO INSURANCE COMPANY OF
OREGON

NO.: 15-00498-BAJ-RLB

## RULING AND ORDER

Before the Court is a **Motion for Summary Judgment (Doc. 15)** filed by Defendant Safeco Insurance Company of Oregon ("Defendant"), seeking an order dismissing Plaintiff Katherine Michelle Jordan and Plaintiff Darrell Jordan's (collectively, "Plaintiffs") claims pursuant to Federal Rule of Civil Procedure ("Rule") 56. Plaintiffs oppose this motion. (Doc. 21). With leave of Court, Defendant filed a reply. (Doc. 24). Jurisdiction is proper pursuant to 28 U.S.C. § 1332.[1] Oral argument is not necessary. For reasons explained herein, Defendant's motion is **GRANTED**.

### I.   FACTUAL BACKGROUND

This lawsuit arises out of an automobile accident that occurred on September 26, 2014. (Doc. 1-1 at ¶¶ 2—5). Plaintiff Katherine Jordan asserts that she was struck by another driver while she was operating the vehicle owned by her husband, Plaintiff Darrell Jordan. (*Id.*). Plaintiffs claim that they have sustained damages that exceed

---

[1] Plaintiffs assert that their claims do not satisfy the amount in controversy requirement set forth in 28 U.S.C. § 1332, although they have not sought to remand this matter to state court. (Doc. 12 at p. 1). The Court is satisfied, however, that Defendant has established that the amount in controversy likely exceeds $75,000. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

the insurance limits of the other vehicle involved in the collision. (*Id.* at ¶¶ 8—13). As a result, Plaintiffs assert that they are entitled to recover damages under an uninsured motorist ("UM") policy that they allege was obtained from Defendant, along with certain statutory penalties resulting from Defendant's denial of coverage. (*Id.*).

The parties do not dispute that Defendant issued a liability policy that covered Plaintiff Darrell Jordan's (hereinafter, "Mr. Jordan") vehicle, that Plaintiff Katherine Jordan was a named insured, and that the underlying liability policy was in effect at the time of her accident. (Doc. 15-2 at pp. 2—4; Doc. 21 at p. 1). The parties also do not dispute that, in conjunction with his underlying liability policy, Mr. Jordan knowingly signed a waiver of UM coverage form provided and relied upon by Defendant in its motion. (Doc. 15-1 at pp. 3—4; Doc. 15-2 at pp. 2—4; Doc. 21 at pp. 1—2). Plaintiffs assert, however, that Mr. Jordan's waiver is invalid because the form provided by Defendant was deficient for two reasons: 1) Mr. Jordan's name is typed— rather than printed—above the signature line and 2) the form is on two pages rather than one. (Doc. 21 at pp. 3—7). Defendants maintain that the waiver is valid and enforceable notwithstanding any hypertechnical flaws. (Doc. 15-2 at pp. 6—9).

## II.   LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether the movant is entitled to summary judgment, the

Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th

Cir. 1972).

## III.   DISCUSSION

The sole issue before the Court is whether Mr. Jordan's waiver of UM coverage is valid under Louisiana law. There are no contested material issues of fact with regard to this legal question. Plaintiffs do not allege that Mr. Jordan lacked capacity to sign the disputed waiver, or that his signature was procured through error, fraud, or duress. Instead, Plaintiffs' two arguments rest entirely upon a narrow reading of Louisiana Revised Statute Section 22:1295, which provides, in pertinent part, that rejection of UM coverage "shall be made on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative." LA. REV. STAT. ANN. § 22:1295(1)(a)(ii).[2] Because the UM exclusion form prescribed by the commissioner of insurance is on one page and has a blank line for a "printed name," Plaintiffs assert that Mr. Jordan's waiver is *per se* invalid. (Doc. 21 at pp. 3—7; Doc. 21-3 at p. 4).

The Louisiana Supreme Court has instructed:

> The commissioner of insurance, in drafting the [UM waiver] form, requires six tasks, all of which we find to be pertinent in rejecting UM coverage. The insured initials the selection or rejection chosen to indicate that the decision was made by the insured. If lower limits are selected, then the lower limits are entered on the form to denote the exact limits. The insured or the legal representative signs the form evidencing the intent to waive UM coverage and includes his or her printed name to identify the signature. Moreover, the insured dates the form to determine the effective date of the UM waiver. Likewise, the form includes the policy number to demonstrate which policy it refers to.

---

[2] LA. REV. STAT. ANN. § 22:1295 was formerly cited as LA. REV. STAT. ANN. § 22:680.

4

*Duncan v. USAA Ins. Co.*, 2006-363, p. 13 (La. 11/29/06); 950 So. 2d 544, 551; *see also Terrell v. Fontenot*, 2011-1472, p. 5 (La. App. 4 Cir. 6/27/12); 96 So. 3d 658, 663–64, *writ denied*, 2012-2085 (La. 11/16/12); 102 So. 3d 43. Louisiana courts have determined, in highly factual inquiries, that UM waiver forms that satisfy the *Duncan* requirements are valid notwithstanding minor variations from the insurance commissioner's prescribed form. *See Scarborough v. Randle*, 2012-1061, pp. 3—7 (La. App. 3 Cir. 2/6/13); 109 So. 3d 961, 964—66.

The Court finds that although it may contain minor variations, the waiver form relied upon by Defendant is in compliance with the insurance commissioner's prescribed form and satisfies the "six requirements" enunciated by the Louisiana Supreme Court in *Duncan*. (Doc. 15-1 at pp. 3—4); *see Duncan*, 950 So. 2d 544, 551; *see Scarborough*, 109 So. 3d 961, 964—66. Moreover, it is clear from the waiver, and Plaintiffs do not dispute, that Mr. Jordan deliberately selected to decline UM coverage. (Doc. 21 at pp. 1—2).[3] True, Defendant did not provide Mr. Jordan an *exact* copy of the waiver form prescribed by the commissioner of insurance as evidenced by its number of pages. Yet Plaintiffs do not suggest that the talismanic language and substance contained in Defendant's waiver form was materially different from the insurance commissioner's prescribed form or otherwise misleading to Mr. Jordan. (*See* Doc. 21); *see Scarborough*, 109 So. 3d 961, 964—66. And while a valid waiver form requires a printed name to identify the insured's accompanying signature, the

---

[3] Plaintiffs state in their response to Defendant's motion that, "[t]he Uninsured Motorist waiver at issue is on two pages . . . [Mr.] Jordan does not deny that he signed the second page of the document." (*Id.*).

Court finds no requirement that such "printed name" be in the handwriting of the insured. *See Banquer v. Guidroz*, 2009-466, pp. 1—4 (La. 5/15/09); 8 So. 3d 559, 561. The purpose of the printed name requirement is to make the accompanying signature—often written illegibly—readily identifiable. *Id*. That Mr. Jordan's name is typed on Defendant's form rather than printed by hand only made it more certain that his signature can be properly identified.

In sum, the Court finds as a matter of law that the waiver provided by Defendant and signed by Mr. Jordan is valid, and that it comports with the form prescribed by the commissioner of insurance and satisfies the *Duncan* requirements. *See Scarborough*, 109 So.3d 961; *see Lachney*, 927 So. 2d 380. The Court also finds that Mr. Jordan deliberately declined UM coverage. (Doc. 21 at pp. 1—2). Furthermore, the Court recognizes that Plaintiffs' hypertechnical arguments, taken to their natural conclusion, would invalidate a UM waiver simply because it is produced, *inter alia*, on a different color page or font than the form prescribed by the commissioner of insurance. Yielding also to the dictates of logic, the Court is not prepared to sanction such an absurd result. *See Nova Cas. Co. v. Guy's Towing Serv., Inc.*, No. 14-cv-0207, 2015 WL 3463646, at *8 (W.D. La. May 29, 2015); *see also* LA. CIV. CODE ANN. art. 9 ("When a law is clear and unambiguous and its application does not lead to *absurd consequences*, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.") (emphasis added).

IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Safeco Insurance Company of Oregon's **Motion for Summary Judgment (Doc. 15)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter filed by Plaintiff Katherine Michelle Jordan and Darrell Jordan is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that in light of the Court's ruling, Plaintiffs' **Motion for Leave of Court (Doc. 14)** seeking leave to amend and supplement their petition is **DENIED.**

Baton Rouge, Louisiana, this _19th_ day of January, 2016.

_____

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

7